THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR24-0058-JCC |
| Plaintiff, | ORDER |
| v. | |
| JUSTIN ALAN BAKER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to suppress (Dkt. No. 24) and motion to dismiss (Dkt. No. 25), as well as the Government's motion to admit evidence (Dkt. No. 27) and related motions to seal (Dkt. Nos. 26, 28, 37). Having thoroughly considered the briefing and the relevant record, the Court issues the following rulings.

I.    BACKGROUND

Defendant is charged with one count of abusive sexual contact within the special aircraft jurisdiction of the United States. (*See generally* Dkt. No. 8.) The indictment alleges that, on or around March 14, 2024, Defendant knowingly and intentionally engaged in unconsensual sexual contact with the passenger sitting next to him, Adult Victim 1 ("AV1"), while aboard a flight traveling from Burbank, California to Seattle, Washington. (*Id*. at 1.) Trial is scheduled for October 21, 2024. (*See* Dkt. No. 17 at 2.) The Government and Defendant now each seek a range of pretrial rulings. Namely, Defendant seeks suppression of certain evidence and/or dismissal of

the indictment, whereas the Government seeks admission of other evidence. It also requests that the Court seal its pretrial filings. The Court addresses each, in turn, below.

## II.  DISCUSSION

### A.  Motion to Suppress (Dkt. No. 24)

Longstanding Fourth Amendment doctrine holds that any evidence obtained by an unconstitutional search and seizure is inadmissible. *Mapp v. Ohio*, 367 U.S. 643, 654–55 (1961). Defendant moves to suppress the admission of certain data collected from his phone, which he contends was extracted beyond the parameters set forth in the search warrant. (*See generally* Dkt. No. 24.) Defendant argues that, because the search parameters were clearly set forth in the warrant, (*see* Dkt. No. 24-2 at 5–6), and because law enforcement's search of the phone clearly extended beyond said parameters, any evidence derived from said search is necessarily subject to the Exclusionary Rule and should be suppressed. (*See* Dkt. No. 24 at 4–5.) In turn, the Government asserts that it did not exceed the scope of the search, having conducted a search pursuant to Attachment A of the warrant. (*See* Dkt. No. 33 at 3; *see also* Dkt. No. 24-2 at 4) (Attachment A). In any event, the Government contends that Defendant's motion to suppress is moot because it "has expressly stated it will not be seeking introduction of evidence from [the] search warrant search." (Dkt. No. 33 at 1.) To this latter point, Defendant agrees that his motion is moot if the Government decides not to introduce any evidence from the search warrant at trial. (Dkt. No. 36 at 1.)

Accordingly, the Court DENIES Defendant's motion to suppress (Dkt. No. 24) without prejudice as moot. As Defendant suggests, should the Government choose to include the contested evidence on its exhibit list, Defendant may renew his motion.

### B.  Motion to Dismiss Defective Indictment (Dkt. No. 25)

An indictment's "complete failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal of the indictment." *U.S. v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005). Defendant seeks to dismiss his indictment on the grounds that "it fails to properly

state the mens rea for each material element of the crime as charged under 18 U.S.C. § 2244(b)." (Dkt. No. 25 at 1.) That is, according to Defendant, the indictment fails to allege that he "specifically had knowledge that [Adult] Victim 1 did not give permission." (*Id*. at 2.) In so arguing, Defendant contends that the knowledge requirement *should* apply to the permission element of 18 U.S.C. § 2244(b)[1], such that the Government must prove Defendant knew AV1 did not give him permission to engage in the alleged sexual conduct. (*See id*. at 2–3.) In the Court's view, this is an uphill battle for Defendant.

Defendant admits that his argument has been rejected by the Ninth Circuit. *See U.S. v. Price*, 980 F.3d 1211, 1217–24 (9th Cir. 2019). In *Price*, the Ninth Circuit held that § 2244(b) only requires a government to "prove that the defendant knew he engaged in sexual contact," not that "the defendant subjectively knew he lacked consent." *Id.* at 1218. Indeed, the Ninth Circuit came to this conclusion after an extensive exercise in statutory interpretation, wherein the court considered "the statute's language, purpose, history, and past decisions and controlling law." *Id*. In other words, under *Price*, the Government need not prove that Defendant subjectively knew he lacked AV1's consent and, as such, need not make this allegation in the indictment. *See id*.

Defendant concedes that the case law cuts directly against his argument. (*See* Dkt. No. 25 at 3.) But he nevertheless requests that this Court make a record and affirmatively rule on the issue, just in case the Supreme Court later reverses Ninth Circuit precedent at some nebulous point in the future issue. (*See id*. at 4.) So the Court makes such a record. Under current binding Ninth Circuit case law, the Court finds that the Government has sufficiently pled the knowledge element of the offense—namely, that the Defendant "did knowingly and intentionally engage in sexual contact with Victim 1." (Dkt. No. 8 at 1.) The Court therefore DENIES Defendant's motion to dismiss (Dkt. No. 25).

---

[1] The statute states: "Whoever . . . *knowingly* engages in sexual contact with another person without that other person's permission shall be fined under this title, imprisoned not more than two years, or both." 18 U.S.C. § 2244(b) (emphasis added).

ORDER
CR24-0058-JCC
PAGE - 3

### C. Motion to Admit Evidence (Dkt. No. 27)

In general, evidence of any other crime, wrong, or act is inadmissible to show that a defendant acted wrongfully on a particular occasion in accordance with a propensity to act wrongfully. *See* Fed. R. Evid. 404(b)(1). However, Federal Rule of Evidence ("FRE") 413 permits the trial court to admit evidence that the defendant committed any other sexual assault in a criminal case in which the defendant is accused of a sexual assault. *See* Fed. R. Evid 413(a). In other words, FRE 413 "provides an exception for admission of propensity evidence when it involves the commission of another sexual assault." *U.S. v. Redlightning*, 624 F.3d 1090, 1119–20 (9th Cir. 2010).

Here, the Government seeks to admit evidence pursuant to FRE 413 of an uncharged 2004 sexual assault (hereinafter the "2004 incident") which Defendant allegedly committed. (*See generally* Dkt. No. 27.) Specifically, the Government intends to introduce testimony from the then-minor victim ("MV1")[2] of the 2004 incident as well as from the law enforcement officer who interviewed Defendant about the incident. (*Id*. at 2.) For the reasons stated herein, the Court GRANTS the Government's motion.

The FRE 413 inquiry proceeds in two parts, each with its own set of sub-inquiries. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (citing Eighth and Tenth Circuit cases). First, the court determines whether FRE 413 even applies to the evidence the proponent party seeks to admit. *See id*. If the court finds FRE 413 does not apply, then the inquiry ends—the court cannot admit the evidence (at least pursuant to FRE 413). *See id*. However, if the court confirms that FRE 413 applies, its next task is to determine whether the evidence survives the balancing test under FRE 403. *See id*. That is, the court must assess whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the party against whom the evidence is offered. *Id*. If so, then the court must once again deny admission. *See id*.

---

[2] MV1 was 15 years old at the time of the 2004 incident. *Id*. at 4.

1. Confrontation Clause

As a threshold matter, Defendant cautions that, to the extent the Government seeks to introduce MV1's victim interview from the 2004 incident (Dkt. No. 29-5 at 4–6), such admission would violate the Sixth Amendment Confrontation Clause. (*See* Dkt. No. 31 at 2–3.) The Confrontation Clause gives the Defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause prohibits the admission of testimonial statements at trial unless the defendant has had "a prior opportunity for cross-examination." 541 U.S. 36, 53–54 (2004). The Court further explained that "[s]tatements taken by police officers in the course of interrogations" were testimonial for purposes of applying the Confrontation Clause. *Id*. at 52.

Here, although MV1's victim interview falls squarely within the ambit of a testimonial statement, Defendant's concern is nonetheless unwarranted. The Government has noted multiple times that it intends to admit MV1's and the reporting officer's *direct* testimony, (*see generally* Dkt. Nos. 27, 38), thereby presenting Defendant with an opportunity to confront both. As such, there is no risk of violating the Confrontation Clause.

2. Application of FRE 413

To determine whether evidence is admissible under FRE 413, courts adopt a three-pronged inquiry. First, the defendant must be accused of a sexual assault[3] offense; second, the evidence must relate to the commission of another sexual assault offense; and third, the evidence must be relevant. *Glanzer*, 232 F.3d at 1268 (citing *U.S. v. Guardia*, 135 F.3d 1326, 1328, 1332 (10th Cir. 1998)). Each is satisfied here.

First, Defendant is charged with an offense under 18 U.S.C. § 2244(b), which is codified

---

[3] FRE 413 defines "sexual assault" as: (1) any conduct prohibited by 18 U.S.C. Chapter 109A; (2) unconsensual contact between any part of the defendant's body, or an object, and another person's genitals or anus; (3) unconsensual contact between the defendant's genitals or anus and any part of another person's body; (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or (5) attempt of any of the aforementioned conduct. Fed. R. Evid. 413(d)(1)–(5).

under 18 U.S.C. Chapter 109A. <u>Second</u>, the 2004 incident relates to Defendant's commission of another sexual assault offense. Here, Defendant argues that the proffered evidence is insufficient to show that he committed, or even attempted to commit, a prior sexual assault. (Dkt. No. 31 at 3.) Specifically, Defendant contends that the proffered evidence is insufficient to show that he "made a sufficient substantial step toward touching MV1's genitals." (*Id*.) But Defendant does not cite to any authority requiring a showing of a "substantial step," in order to meet the definition of "attempt" under FRE 413. In turn, Defendant agrees that, according to the proffered evidence, Defendant "allegedly tried to touch genitalia, but MV1 reportedly pushed him away." (*Id*.) This alone demonstrates both attempt and a lack of consent. <u>Third</u>, "it is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant." *Glanzer*, 232 F.3d at 1268. Accordingly, evidence of the 2004 incident comports with FRE 413.

### 3. FRE 403 Balancing Test

Next, the Court must determine whether the probative value of the 2004 incident is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. To do so, the Court balances the following factors (hereinafter the "*LeMay* factors"): "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (quoting *Glanzer*, 232 F.3d at 1268). This list is non-exhaustive, and the Court may consider other factors as needed. *See id*.

#### i. Similarity

The 2004 incident is very similar to the charged offense. In both incidents, the two victims were meeting Defendant for the first time. (*Compare* Dkt. No. 29-3 at 2, *with* Dkt. No. 29-5 at 10.) In both, Defendant allegedly first established a rapport and built trust with the victim. (*Compare* Dkt. No. 29-3 at 2–3 *with* Dkt. No. 29-5 at 5.) In both, Defendant was also

sitting next to the victim and allegedly used some type of clothing or fabric to cover their legs. (*Compare* Dkt. No. 29-3 at 3 *with* Dkt. No. 29-5 at 5.) In both, Defendant also allegedly engaged in the same type of touching—starting with the victim's thigh or inner thigh, and then later touching or attempting to touch the victim's breasts and genitalia. (*Compare* Dkt. No. 29-3 at 3–4 *with* Dkt. No. 29-5 at 5–6.) In fact, the allegations between the two are almost exactly the same, except for the type of location where the alleged conduct occurred, with one occurring on a flight, (*see generally* Dkt. No. 29-3), and the other in a person's home, (*see generally* Dkt. No. 29-5). However, this difference is not dispositive. *See U.S. v. Pascal*, 610 F. App'x. 791, 794–95 (10th Cir. 2015) (affirming admission where the prior sexual assault occurred in the privacy of a home but the charged offense occurred on a flight); *but see Glanzer*, 232 F.3d at 1269 (finding trial court did not abuse discretion where it excluded evidence of prior child molestation because the prior incident occurred at a party whereas the charged offense occurred in private).

Defendant posits that the two incidents are, to the contrary, entirely dissimilar, but for the fact that both "involve allegations of sexual misconduct." (Dkt. No. 31 at 4.) Defendant highlights the difference in age between MV1 (15 years old) and AV1 (18 years old) and, in particular, MV1's status as a minor. (*See id*.) Frankly, the Court sees a three-year gap between two otherwise teenage girls as more of a similarity than a difference. The fact that one is legally a minor while the other a legal adult is inapposite.

Nevertheless, even if the Court were to treat the age gap and MV1's minor status as a "difference," it once again sees this "difference" as non-dispositive. Courts have time and again admitted prior sexual wrongs in cases with similar or even greater age gaps. *See, e.g.*, *U.S. v. Abrams*, 761 F. App'x. 670, 676 (9th Cir. 2019) (trial judge did not abuse discretion in concluding that the victims were of similar age where the prior victims were 20–22 years old and the victims of the charged offense were 15 years old); *U.S. v. LeMay*, 260 F.3d 1018, 1022–23, 1028 (9th Cir. 2001) (finding the prior child molestations "very similar" where the prior victims were two years old and eight months old and the victims of the charged offense were five and

1  seven years old); *Pascal*, 610 F. App'x. at 792–95 (affirming trial court's finding of sufficient
2  similarity where prior victim was 12 years old and victim of charged offense was 14 years old).
3  *But see Glanzer*, 232 F.3d at 1269 (affirming trial court's exclusion of prior child molestation
4  where "one alleged victim was twelve years-old, the other three-years-old"). As such, the Court
5  declines to treat the age gap as a "difference" and, in any event, finds this "difference"
6  insufficient to tip the balance against admissibility.

7  Finally, Defendant contends that the two incidents are dissimilar because Defendant gave
8  different justifications for his actions. That is, Defendant contends that the charged offense was
9  consensual, whereas in the 2004 incident Defendant asserts "that 'nothing physical happened'
10 but there may have been attempts to cuddle and/or kiss and that '[i]f I touched her breast and she
11 said no, I stopped every time.'" (Dkt. No. 31 at 4.) The Government argues that this is, in fact, a
12 similarity in that the Defendant claims consent in both cases. (*See* Dkt. No. 27 at 8.) The Court
13 does not see this as a similarity or a difference. In fact, the Court declines to consider
14 Defendant's justifications for his conduct at all under the similarity factor. The similarity factor
15 requires the Court to assess whether there is sufficient similarity between the prior *acts* and the
16 *acts* charged so as to justify admitting evidence of the underlying *acts*. *See LeMay*, 260 F.3d at
17 1028. Whether or not Defendant's *defenses* are similar or different has no bearing.

18 To summarize, the significant similarities between the two incidents demonstrates the
19 high probative value of the 2004 incident. Accordingly, this factor weighs heavily in favor of
20 admission.

21  ii.   *Closeness in Time*

22 There is an approximately 20-year gap between the 2004 incident and the charged
23 offense. On its face, 20 years may seem like a long gap. However, this factor still weighs in favor
24 of admission or, at worst, is neutral.

25 Congress explicitly noted when enacting FRE 413 that "*[n]o time limit is imposed on the
26 uncharged offenses for which evidence may be admitted*; as a practical matter, evidence of other

sex offenses by the defendant is often probative and properly admitted, *notwithstanding very substantial lapses of time* in relation to the charged offense or offenses." 140 Cong. Rec. H8968-01, H8992 (daily ed. Aug. 21, 1994) (statement by Rep. Molinari) (emphasis added). Indeed, the Ninth Circuit affirmed a trial court's finding of favorability or, at least, neutrality, where there was a 21-year and 19-year gap between the incidents. *See Abrams*, 761 F. App'x. at 676. Other courts have similarly declined to treat such a lapse in time as fatal to the admissibility of the prior sexual assault. *See, e.g.*, *U.S. v. Mercer*, 653 F. App'x. 622, 625, 627–28 (10th Cir. 2016) (district court did not abuse discretion in admitting evidence of prior child molestation from the 1990s); *U.S. v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001) (district court did not abuse discretion in admitting testimony from victim of prior abuse where there was a 20-year lapse); *U.S. v. Meacham*, 115 F.3d 1488, 1493–95 (10th Cir. 1997) (district court did not abuse discretion in admitting evidence of a molestation from almost 29 years prior to charged offense).

FRE 413's legislative history and the resulting case law counsels for a finding that the 20-year lapse between the two incidents here weighs in favor of admission or, at the very least, does not diminish the 2004 incident's probative value.

### iii. Frequency

The Government only seeks to admit one prior allegation of sexual misconduct (the 2004 incident). Accordingly, the parties do not dispute that "this factor does not favor admission." (*See* Dkt. No. 27 at 9; *see also* Dkt. No. 31 at 5.) To be sure, the probative value of a single prior act is certainly less than a pattern of prior acts, and thus admission of a single prior act runs the risk of unfairly prejudicing the Defendant. Even still, the "lack of frequency is not an absolute bar to admission under Rule 413." *Pascal*, 610 F. App'x. at 794. As such, the risk of unfair prejudice in admitting the single 2004 incident still does not outweigh its overall probative value.

### iv. Intervening Circumstances

The parties also do not dispute that there is a lack of intervening circumstances. (*Compare* Dkt. No. 27 at 9, *with* Dkt. No. 31 at 5). As such, this factor weighs against admission.

Nevertheless, it is insufficient to overcome the 2004 incident's strong probative value.

### v.     Necessity of the Evidence

The Government states that evidence of the 2004 incident is necessary to refute Defendant's anticipated consent defense and bolster AV1's account that the touching was unconsensual. (*See* Dkt. No. 27 at 10.) Defendant argues that this purported "necessity" constitutes improper witness vouching. (*See* Dkt. No. 31 at 6.) The Court disagrees and, in turn, finds that this factor favors the Government.

"Improper vouching occurs when the prosecutor places 'the prestige of the government behind the witness' by providing 'personal assurances of [the] witness's veracity." *U.S. v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (quoting *U.S. v. Roberts*, 618 F.2d 530, 533 (9th Cir. 1980)). For instance, in *U.S. v. Severeid*, the Ninth Circuit found improper vouching where the prosecutor described one of its own witnesses in closing arguments as an "honest officer." 609 F. App'x. 931, 933 (9th Cir. 2015). Here, however, the Government is not personally assuring AV1's veracity; instead, it seeks to use evidence of the 2004 incident to enhance AV1's credibility. This is a perfectly permissible use of a prior sexual assault under FRE 413. *See U.S. v. Gatewood*, 601 F. App'x. 580, 581 (9th Cir. 2015) ("[T]he district court correctly concluded that the necessity factor weighed in favor of admissibility because the prior acts evidence would help corroborate the testimony of the victims of charged acts"); *see also LeMay*, 260 F.3d at 1029–30 (district court did not abuse discretion where it admitted prior act evidence because Defendant "had attacked the credibility" of the victims).

Defendant also argues that the evidence is not necessary because "the government's case would not collapse without" it. (Dkt. No. 31 at 6.) Defendant exaggerates the "necessity" bar. Even if prior act evidence is not "absolutely necessary in order to convict," it still has probative value. *Gatewood*, 601 F. App'x. at 581. It is enough for the prior evidence to "simply be helpful or *practically necessary*." *LeMay*, 260 F.3d at 1029 (emphasis in original). The 2004 incident is, at minimum, helpful to the Government's case. Accordingly, the "necessity" factor weighs in

favor of admission.

> vi.   Other Factors

Finally, the Court considers the fact that Defendant was not charged, let alone convicted, of the 2004 incident. The Government argues that this fact is not dispositive. (Dkt. No. 27 at 10.) Defendant does not refute the Government's argument outright, but nevertheless repeatedly refers to the "uncharged" and "unproven" nature of the 2004 incident. (*See generally* Dkt. No. 31.) A prior sexual assault need not be proven, nor even charged, for it to be admissible under FRE 413. *See LeMay*, 260 F.3d at 1029 ("[W]e do not suggest that district courts may only introduce prior acts of molestation for which a defendant has been tried and found guilty"); *see also Pascal*, 610 F. App'x. at 793 (finding that defendant "need not have been convicted of or charged with a previous assault for [FRE 413 evidence] to be admissible"). Indeed, the Ninth Circuit previously affirmed a district court's admission of a prior sexual assault where the victims never reported the defendant's abuse to any law enforcement. *See Abrams*, 761 F. App'x. at 676. Here, MV1 reported Defendant's alleged conduct to law enforcement, who subsequently memorialized it in a report. (*See generally* Dkt. No. 29-5.) Admission is thus warranted, even absent a charge or conviction.

Defendant argues that admission of the "uncharged and unproven" 2004 incident would be unduly prejudicial because it would distract the jury. (*See* Dkt. No. 31 at 6–7.) Defendant ostensibly insinuates that the Court should only admit charged and proven prior sexual assaults. The Court declines to follow this rigid standard. Of course, the presence of a conviction or even a charge would certainly increase the 2004 incident's probative value, but the inverse is not true. That is, the *lack* of a conviction or charge does not automatically render the evidence inadmissible. Indeed, it is not for the district court to "make a preliminary finding that the government has *proven* prior bad acts . . . before submitting the evidence to the jury." *U.S. v. Abrams*, 2016 WL 4690389, slip op. at 4 (D. Nev. Sept. 7, 2016), *aff'd*, 761 F. App'x 670 (9th Cir. 2019) (emphasis added). Instead, a district court need only "'examine[] all the evidence in

the case and decide[] whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.'" *Id*. (citing *Huddleston v. U.S.*, 485 U.S. 681, 690 (1988)). Given the police report associated with the 2004 incident (Dkt. No. 29-5), which includes Defendant's *own* admissions, a jury could reasonably find that Defendant committed the alleged conduct in the 2004 incident. As such, the lack of a conviction or charge has no bearing on the Court's finding of admissibility.

### 4. Conclusion

Based on the totality of the *LeMay* factors, the Court finds that the probative value of the 2004 incident is not substantially outweighed by its prejudicial effect. In fact, given the marked similarities between the 2004 incident and the charged offense, the Court finds that the probative value of the 2004 incident outweighs *any* risk of unfair prejudice. The Court therefore GRANTS the Government's motion to admit (Dkt. No. 27).[4]

### D.      Motions to Seal (Dkt. Nos. 26, 28, 37)

"There is a strong presumption of public access to the court's files." LCR 5(g); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome this presumption, a party seeking to seal any documents that do not address the procedural basis of the case must make a particularized showing of good cause. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In other words, for each particular document it seeks to protect, the party must show that "specific prejudice or harm will result" if the document is not sealed. *Id*. at 1130. As such, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *See id*.

The Government asks the Court to seal its motion to admit evidence (Dkt. No. 27), the accompanying exhibits (Dkt. Nos. 29-1, 29-2, 29-3, 29-4, 29-5), and its reply brief in support of

---

[4] The Government also seeks admission of the 2004 incident under FRE 404(b) as an alternative to FRE 413. (*See* Dkt. No. 27 at 11.) However, because the Court grants admission under FRE 413, it declines to rule on admission under FRE 404(b).

the motion to admit (Dkt. No. 36). (*See generally* Dkt. Nos. 26, 28, 37.) The Government broadly contends that these documents contain "sensitive" and/or "identifying information in law enforcement reports, which should remain under seal to protect the privacy of the individuals" referenced. (Dkt. Nos. 26, 28.) Defendant does not oppose.

The Government has not made a particularized showing of good cause that supports maintaining the documents under seal. First, with respect to the motion to admit (Dkt. No. 27) and the reply brief in its support (Dkt. No. 36), the Government has already anonymized the names of the alleged victims with "MV1" and "AV1," and the briefs do not contain any other sensitive or personal identifying information ("PII"). Second, with respect to the exhibits in support of the motion to admit (Dkt. Nos. 29-1, 29-2, 29-3, 29-4, 29-5), the Court acknowledges that these documents contain some sensitive information and PII. At the same time, the Government has already redacted PII from at least some of these documents, (*see generally* Dkt. Nos. 29-1, 29-3), and has not provided any explanation as to why it cannot redact the remaining sensitive information from a publicly filed copy of the exhibits. Third, the Government's request is self-contradicting—the Government seeks to withhold from the public docket the very same information it intends to introduce through witness testimony at a public trial. In turn, the strong presumption in favor of public access to the information and exhibits—particularly where the sensitive information can be easily redacted—outweighs the need for sealing.

The Court DENIES the Government's motions to seal (Dkt. Nos. 26, 28, 37). The Government is ORDERED to refile its briefs and accompanying exhibits with the information at issue REDACTED within seven (7) days from entry of this order.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to suppress (Dkt. No. 24) and motion to dismiss (Dkt. No. 25), along with the Government's motions to seal (Dkt. Nos. 26, 28, 37). The Court GRANTS the Government's motion to admit (Dkt. No. 27).

//

It is so ORDERED this 30th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE