THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-058-JCC |
| Plaintiff, | |
| v. | DEFENSE TRIAL BRIEF |
| JUSTIN BAKER, | |
| Defendant. | |

Justin Baker, through counsel Jesse Cantor and Colleen Fitzharris, submits this trial brief in preparation for trial currently scheduled for October 21, 2024.

I. **BACKGROUND**

Mr. Baker maintains his plea of not guilty to the single charge of Abusive Sexual Contact on an Aircraft. The defense is denial and as such does not require any further notice to the government, unlike affirmative defenses such as alibi, insanity, or public authority that must be presented with timely notice pursuant to Rules 12.1, 12.2, and 12.3. The denial defense requires the government to prove every element beyond a reasonable doubt without any further notice beyond Mr. Baker's plea of not guilty.

The defense agrees with the government's assessment that, if trial starts on schedule, it should conclude within the same week.

Mr. Baker is charged with having sexual contact with E.C. by allegedly touching her genitalia, breast, inner thigh, and buttocks without her consent. No one will dispute that sexual assault cases are sensitive and will evoke emotion. That is because many

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

people in our communities have experienced sexual assault either personally or know of others who have experienced sexual assault at various levels. For that reason, these cases present different challenges when it comes to selecting a fair and impartial jury compared with other crimes that do not affect others as commonly as sexual assault. Likely we will see, for example, a significant percentage of people in the jury pool indicating that they have been impacted by sexual assault. Unlike a federal money laundering case, or an immigration fraud case—cases that likely would not impact the pool as much on a personal level—a sexual assault case will require more voir dire time to better understand the biases of the prospective jurors. For these reasons, the defense recommends that this Court have the jury pool answer the joint proposed jury questionnaire filed at Dkt. 51.

## II.    EVIDENTIARY ISSUES AT TRIAL

### A.    Federal Rule of Evidence 106

The government points out in its trial brief that Mr. Baker is not entitled to offer his own hearsay statements, even in the event the government offers his prior statements. Dkt. 53 at 6. The government adds that the only exception would be if Mr. Baker can demonstrate that the government's offering would lead to a "misunderstanding or distortion" thereby permitting Mr. Baker to introduce other statements to avert the misunderstanding. *Id.* However, in December of 2023, the evidence rules addressing this issue expanded as it relates to writings and/or recorded statements under Federal Rules of Evidence (FRE) 106. Specifically:

> If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection.

FRE 106, *effective Dec 1, 2023.*

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1    For these reasons, introducing additional statements from Mr. Baker, or any
2 other statement for that matter, to ensure fairness is the new foundational standard this
3 Court must follow. In other words, the standard is no longer a question of whether the
4 government's offering would lead to a "misunderstanding or distortion." Furthermore,
5 because the prior rule's language specified completion with "a writing or recorded
6 statement," the practice at the time was to exclude oral statements from the application
7 of the rule. Since the new rule's text eliminates this interpretation, the text of the new
8 rule would now permit the introduction of oral statements in addition to written and
9 recorded statements. Finally, the old version of the rule would not necessarily allow
10 completion with hearsay statements. However, the amended rule, effective December 1,
11 2023, expressly permits completion with hearsay statements. For these reasons, the
12 Court may consider any other statement made to ensure fairness in the event the
13 government seeks to introduce portions of Mr. Baker's prior statements.

   **B.   Mr. Baker's Character**

15    The defense will not seek to introduce evidence of Mr. Baker's character.

   **C.   Excited Utterances**

17    The government has indicated that it may seek to elicit testimony about what the
18 alleged victim said under the "excited utterance" exception to the hearsay rule.
19 FRE 803(2). There are three foundation elements that must be met before testimony is
20 admitted under the excited-utterance exception: 1) there was a startling event; 2) the
21 statement was related to that event; and 3) the declarant was under the stress of the
22 startling event when she made the statement. "When a hearsay statement is offered
23 under this exception, the trial court must make a preliminary factual determination that
24 the declarant was so excited or distraught at the moment of the utterance that [she] did
25 not reflect (or have an opportunity to reflect) on what [she] was saying." *United States*
26 *v. McLennan*, 563 F.2d 943, 948 (9th Cir. 1977). An example of an inadmissible

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

excited utterance would be when the declarant made the statement after speaking to several people about the matter asserted. *United States v. Sherlock*, 962 F.2d 1349, 1365 (9th Cir. 1989) (Hearsay statement made about an alleged rape occurred after the declarant spoke to several persons about being raped was inadmissible under excited-utterance exception).

The rationale of the excited-utterance exception is that the stress of nervous excitement or shock interferes with one's reflective faculties, making the statement less prone to fabrication. Therefore, when the circumstances indicate that the statement was made with some level of reflection, then the trial court should find that the excited-utterance exception does not apply. *United State v. DeMarce*, 564 F.3d 989, 997 (8th Cir. 2009).

Unless and until the government can lay a proper foundation by meeting all three criteria listed above, the excited-utterance hearsay exception would not permit other witnesses to testify about C.E.'s out-of-court statements.

D.   **Prior Consistent Statements**

The government indicates it might introduce prior "consistent" statements made by the alleged victim about the alleged incident pursuant to FRE 801(d)(1)(B)(i) & (ii). Before admitting a prior consistent statement under the rule, the government must lay a proper foundation that "a charge of *recent* fabrication or improper influence" was made during cross examination. Alternatively, the foundation would require a need to "rehabilitate the [alleged victim's] credibility as a witness when attacked on another ground."

To be admissible, the "consistent statement" must have been made before the alleged improper influence or the attachment of the alleged motive to fabricate. *Tome v. United States*, 513 U.S. 150 (1995); *see also United States v. Awon*, 135 F.3d 96, 100 (1st Cir. 1998) (improper to admit prior consistent statement of government witness

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

where the "motive to fabricate alleged by the defense—desire for leniency—was the same when the [witnesses] first spoke with police as at the time of their testimony at trial."). Attacking the credibility of the complaining witness by asserting that her account of what happened is not true will not in itself justify the admission of a prior consistent statement. Rather, there must be a charge of "recent fabrication or improper influence" together with evidence that the prior "consistent" statement was made before the event that triggers the fabrication or improper influence. *See United States v. Portillo*, 969 F.3d 144, 174 (5th Cir. 2020) (prior consistent testimony is not admissible when the motive to fabricate existed at the time the prior consistent statement was given).

Additionally, subsection (ii) extends the rule to permit a prior consistent statement only to rehabilitate the declarant's (or in this case, the alleged victim's) credibility as a witness when attacked on another ground—such as charges of inconsistency or faulty memory. *See* Advisory Committee's Note to 2014 Amendment. However, the government cannot attempt to bolster the trial testimony of E.C. by introducing "prior consistent statements" prior to impeachment. *See United States v. McCulley*, 178 F.3d 872, 876 (7th Cir. 1999) (prior consistent statement excluded because moving party "attempted to bolster impermissibly [defendant's] trial testimony by the introduction of the statement in question"). If hypothetically the defense does not challenge the witness's credibility pertaining to the facts, such as alleging faulty memory, then testimony under FRE 801(d)(1)(B) should be inadmissible. For example, if E.C. testifies that Mr. Baker touched her genitalia and inner thigh, and then Mr. Baker alleges on cross examination that E.C.'s memory is wrong, then prior consistent statements would be admissible. Otherwise, this Court should exclude testimony about prior consistent statements.

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1    Finally, even if this Court determines that FRE 801(d)(1)(B) would allow prior
2 consistent statements, this Court should still exclude the evidence under FRE 403. On
3 balance, the prior consistent statements would be more prejudicial than probative
4 primarily because the prior statements would be cumulative and unnecessarily
5 repetitive assuming E.C. testifies that Mr. Baker touched the body parts alleged in the
6 superseding indictment. In the end, the prior consistent statements would have the
7 improper effect of bolstering the credibility of E.C. and therefore these statements
8 should be excluded under FRE 403.
9    The government has also indicated that it may seek to introduce the prior
10 recordings of the statements under FRE 801(d)(1)(B). In the event the Court permits
11 testimony of prior consistent statements, the scope of such evidence should not extend
12 to photographs, video, and audio. Instead, the prior consistent statements should only be
13 admissible through a witness with first-hand knowledge of the out-of-court statement.
14 To permit recordings of the statements would amount to double hearsay.

### III.   JURY INSTRUCTIONS

For the most part, the parties agree about the proposed jury instructions. The following instructions are in dispute:

**1) Instructions 7, 8, & 9**

The defense proposes these instructions as "limiting instructions" in the event the government offers FRE 404(b) evidence. Additionally, the defense has modified Instruction 8 to use "Mr. Baker" instead of defendant and to remind the jury that they cannot convict Mr. Baker for acts that are not charged in the indictment.

Mr. Baker deserves to be addressed by his name. Doing so ensures that he will be treated with respect and dignity while at the same time making it clear to the jury that he is presumed innocent. While it is legally correct to label Mr. Baker as a

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  defendant, there is no prejudice or harm in addressing him as "Mr. Baker," particularly
2  given that he is the only person charged in this case.
3      Next, reminding the jury in Instruction 8 that they cannot convict Mr. Baker for
4  anything other than what he is charged with in the indictment will help ensure that
5  Mr. Baker receives a fair trial. This is especially important in a case such as this where
6  the government will offer 20-year-old evidence of uncharged conduct that Mr. Baker
7  committed a separate sexual assault. There is no dispute that this evidence is prejudicial
8  to Mr. Baker since he is not on trial for the 2004 incident. Accordingly, an instruction
9  that simply reminds the jury that Mr. Baker is only on trial for the 2024 charged
10 incident will hopefully mitigate the prejudicial impact of this evidence from 2004.
11     Finally, Instruction 9 would be necessary in the event the government introduces
12 evidence of other crimes, wrongs, or acts under FRE 404(b). As the government
13 indicates, in the event they choose not to introduce this type of evidence then the
14 instruction would be removed.
15     **2)  Instruction 10: Lesser Included Instruction of Simple Assault**
16     There is no dispute that simple assault is a lesser included offense of Abusive
17 Sexual Contact. Therefore, the Court should reserve ruling on the inclusion of this
18 instruction until both sides rest.
19     **3)  Instructions 14 & 15: the "To-Convict" Instruction**
20     The defense presented arguments in its motion to dismiss that the government
21 bears the burden of proving mens rea with respect to each material element of the
22 charge. This would include the element requiring proof that the sexual contact was
23 without E.C.'s permission. This Court ruled against the defense, which of course would
24 //
25 //
26

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

support the government's proposed instructions. Nevertheless, arguments in support of the defense's proposed instruction are preserved in its motion to dismiss at Dkt. 25.

DATED this 11th day of October 2024.

Respectfully submitted,

s/ *Jesse Cantor*
s/ *Colleen Fitzharris*
Assistant Federal Public Defenders
Attorneys for Justin Baker

DEFENSE TRIAL BRIEF
(*United States v. Baker*, CR24-058-JCC) - 8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100